**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Mitchell David Holbach, | ) | |
| | ) | |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| David W. Nelson, Judge of the District Court, Northwest District, Jon Van Grinsven, Ward County States Attorney, State of North Dakota, | ) ) ) ) | Case No. 4:07-cv-063 |
| | ) | |
| Respondents. | ) | |

_____

On September 25, 2007, the petitioner, Mitchell David Holbach ("Holbach"), filed a pro se Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. In addition, he filed an application to proceed *in forma pauperis*. Judge Hovland has referred this matter to the undersigned for preliminary consideration.

## I.   BACKGROUND

The apparent basis for Holbach petition is that he was unconstitutionally denied bail and ordered detained pending final disposition of a pending misdemeanor charge in state district court. His petition provides little in the way of background. It simply states:

> I was arrested on August 24, 2007, for disobedience of a judicial order to a original charge of stalking filed on May 25, 2007.
> Said charge is a A misdemeanor
> I have been incarcerated and held without bond/bail.

(Docket No. 4).

1

**II.	DISCUSSION**

Federal habeas corpus is available to test the constitutionality of the denial of bail by a state court to a prisoner awaiting trial.  See Miller v. Walker, 413 F. Supp. 2d 251, 256 (W.D. N.Y. 2006) (adding that "a federal court will only inquire into whether the state judge's setting of bail is arbitrary or discriminatory or results in the denial of counsel or the denial of a fair trial."); see also Mastrian v. Hedman, 326 F.2d 708, 710-11 (8th Cir. 1964) (stating that a constitutional claim arises only in instances where a State engages in discriminatory or arbitrary administration of a bail system); Bobick v. Schaeffer, 366, F. Supp. 503, 505 (S.D.N.Y. 1973) (citing In re Shuttlesworth, 369 U.S. 35 (1962)).  It is well established, however, that the exhaustion doctrine, codified at 28 U.S.C. § 2254(b)(1)(A), precludes granting habeas relief with respect to a claim for which state-court remedies have not been exhausted. E.g., Rhines v. Weber, 125 S.Ct. 1528, 1533 (2006); Dixon v. Dormire, 263 F.3d 774, 777 (8th Cir. 2001).

"To satisfy the exhaustion requirement, [a state prisoner] must show that he either made a fair presentation of his claims to the state courts or that he has no other presently available state remedies to pursue." Gentry v. Lansdown, 175 F.3d 1082, 1083 (8th Cir. 1999).  A state prisoner "meets the fair presentation requirement if the state court rules on the merits of his claims, or if he presents his claims in a manner that entitles him to a ruling on the merits." Id.  However, a court should only require exhaustion when "there is some reasonable probability that the relief which the petitioner seeks will actually be available to him and not require exhaustion when it would be an exercise in futility." Powell v. Wyrick, 657 F.2d 222, 224 (8th Cir. 1981).

Although the exhaustion requirement is not jurisdictional and is an affirmative defense that can be waived, a court may, but is not is not obliged, to raise the issue *sua sponte*.  See Granberry

v. Greer, 481 U.S. 129, 133 (1987); see also Clary v. Strange, No. 3-06 CV 5 (SRU), 2006 WL 322471 at * 1 (D. Conn. February 9, 2006) (recognizing that a court "may raise failure to exhaust state court remedies sua sponte where petitioner's failure to present his claims to the state's highest court is apparent from the face of the petition."). This is because the exhaustion doctrine serves interests that are broader than those of the immediate parties. See id.

Holbach's prosecution is still in its early stages. Given the date of Holbach's arrest, it is fairly evident that he has yet to present his claim to the state's highest court let alone exhaust all avenues of relief available to him at the district court level.[1] In other words, Holbach has available to him means of contesting the denial of bail in state court.

### III.   CONCLUSION AND RECOMMENDATION

It is apparent from the face of Holbach's petition that he has yet to exhaust all of his state court remedies. Consequently, the undersigned recommends that Holbach's application to proceed application *in forma pauperis* (Docket No. 2) be **DENIED** and that his Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Docket No. 3) be **DISMISSED** without prejudice.

---

[1] "[T]he only relief this court could grant with respect to the issue of 'no bail' would be to order that the petitioner be afforded a bail hearing." Nowaczyk v. New Hampshire, 882 F.Supp. 18, 21 (D.N.H. 1995). However, a cursory review of the docket in State Case No. 51-7-K-1759-1 (a copy of which has been attached to this order as an exhibit) reveals that several motions, including a motion for a stay of the court's order denying bond presumably filed by Holbach, are currently pending. It also appears that Holbach is scheduled to appear before the state district court in early October 2007. Thus, all indications are that the issue of bail remains an open issue at the district court level.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

Pursuant to Local Rule 72.1(E)(4), any party may object to this recommendation within ten (10) days after being served with a copy of this Report and Recommendation.

Dated this 10th day of October, 2007.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge